### Greaton *versus* Pike.

Trespass against an officer for selling on execution, *by virtue of an attachment on the writ*, property which the debtor claimed to hold exempt from liability for debt, cannot be maintained, *unless* it was by law exempt, *when attached on the writ.*

On Report from *Nisi Prius*, Tenney, J.

Trespass against the sheriff for taking and selling on exe-

cution two colts, alleged to be the property of the plaintiff. They had been previously attached on the writ. That attachment had been continued in force, and the sale was made in virtue of it.

The case was submitted to the Court for a legal decision, with authority to draw inferences as a jury might do.

The opinion of the Court, Shepley, C. J., Tenney, Howard, Rice and Appleton, J. J., was drawn up by

Rice, J. — The plaintiff claims to recover on the ground that the colts were exempt from attachment and seizure on execution, by virtue of the provisions of chap. 32, § 2, of statute of 1847. Against this right to recover, several distinct answers are urged by the defendant.

Without expressing any opinion as to the soundness of the objections of the defendant, we are of opinion that this action cannot be maintained. The original attachment of the colts, in the hands of the trustee, was on the 20th of November, 1847. If any trespass was committed it was at *that* time, as the property was finally sold by virtue of that attachment, and all the subsequent proceedings relate back to that transaction. The colts were sold on execution in November, 1848, one year after they had been attached on the original writ, which attachment had been duly preserved.

There is evidence tending to show the condition of the plaintiff, as to property, at the time the colts were sold on execution, but the case is entirely silent as to his condition at the time of the original attachment. For aught that appears, at that time, the plaintiff may have been possessed of all the property which was by law exempted from attachment, in addition to the colts, and may have divested himself of it, in whole or in part, prior to the time they were sold on execution. Such change of condition could not change the rights of the parties as they were fixed at the time of the attachment.

The burden of proof is upon the plaintiff, not only to show that the colts were by law exempt from attachment, but

that they were so exempt when the original attachment was made. This he has failed to do. A nonsuit is therefore to be entered.

*Webster*, for the plaintiff.

*Abbott*, for the defendant.